1
2
3     **UNITED STATES DISTRICT COURT**
4     **NORTHERN DISTRICT OF CALIFORNIA**
5

6     **RICK NACE AKA CAITLYN NACE,**            CASE NO.  18-cv-03132-YGR
7                 Plaintiff,
8           vs.                                   **ORDER GRANTING DEFENDANTS' MOTION
                                                  TO DISMISS**
9     **G4S SECURE SOLUTIONS (USA) INC., ET**     Re: Dkt. No. 13
      **AL.,**
10
                  Defendants.
11

12          On April 23, 2018, plaintiff Rick Nace aka Caitlyn Nace, proceeding *pro se*, filed a

13    complaint in the Superior Court for the County of San Francisco asserting three causes of action,

14    (1) wrongful termination, (2) sexual harassment, and (3) retaliation, against defendants G4S

15    Secure Solutions ("G4S"), Drew Levine, Brian Miller, and Does 1-5.  (*See* Dkt. No. 1-1

16    ("Compl.") at 1.)  On May 25, 2018, defendants G4S and Levine removed the action to this Court.

17    (Dkt. No. 1.)  Now before the Court is a motion by G4S and Levin to dismiss plaintiff's claims or,

18    in the alternative, to require a more definite statement.[1]  (Dkt. No. 13 ("Motion").)

19          Having carefully considered the pleadings and the papers submitted, and for the reasons set

20    forth more fully below, the Court hereby **GRANTS** defendants' motions to dismiss.  Plaintiff's

21    claims are **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

22    **I.      BACKGROUND**

23          As currently pled, plaintiff's complaint reveals very little about the facts supporting Nace's

24    claims of wrongful termination, sexual harassment, and retaliation.  The only factual allegation is

25

26          [1] The Court has reviewed the papers submitted by the parties in connection with
      defendants' motion to dismiss.  The Court has determined that the motion is appropriate for
27    decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil
      Procedure 78.  *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*,
28    933 F.2d 724, 729 (9th Cir. 1991).

1    that plaintiff's "transition from male to female was derailed due to the acute emotional distress,

2    mental and verbal abuse from Brian Miller, Jason Silva, Jamie Debrais for their part in this

3    intentional deliberate scheme they concocted the high cost of hormone treatment."  (Compl. at 3.)

4    The only allegation with respect to defendant Levine is that he is the CEO of G4S.  (*Id.* at 2.)

5          Plaintiff's opposition elaborates that the alleged abuse, which occurred mostly between

6    January and April 2016, comprised derogatory remarks, including "faggot," "pretty baby," and

7    "he-she," and "lady boy," by Brian Miller and his direct reports.  (Dkt. No. 17 ("Opp.") at ECF 2.)

8    Nace's opposition also notes that plaintiff attempted to lodge a complaint regarding the

9    aforementioned conduct and was "brushed off" by office employees.  (*Id.* at ECF 3.)  Plaintiff

10    alleges that office employees would say that "Isenhart"[2] was either out to lunch, away, or

11    otherwise too busy to speak with anyone.  (*Id.*)  Additionally, plaintiff included, as attachments to

12    the opposition, five documents: (i) a handwritten letter dated March 31, 2016 to Timothy Isenhart

13    from Caitlyn/Rick Nace regarding an issue with Brian Miller; (ii) an email dated April 12, 2016

14    from Rick/Caitlyn Nace to Brian Miller asking him to "refrain from these discriminatory and

15    harassing tactics"; (iii) an email dated March 23, 2016 from Rick/Caitlyn Nace to Brian Miller

16    concerning conduct described as "mental, verbal, and emotional abuse"; (iv) a letter dated April

17    12, 2017 from Rick/Caitlyn Nace to "DFEH" regarding "a claim against my ex-employer . . .

18    involv[ing] my ex-supervisor Brian Miller who acted as the ring leader"; and (v) plaintiff's right-

19    to-sue letter from the State of California Department of Fair Employment and Housing dated April

20    21, 2017.  (*Id.* at ECF 4-8.)

21    **II.**    **LEGAL STANDARD**

22          **A. Motion to Dismiss Under Rule 12(b)(6)**

23          Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for

24    failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim

25    under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of

26    sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d

27

28          [2]  Based on other information found in plaintiff's submission, the Court will interpret
Isenhart to refer to Timothy Isenhart, branch manager at G4S.

1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). *Pro se* pleadings must satisfy the same standard. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (finding that courts must construe *pro se* pleadings liberally, but "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.")

**B. Motion for More Definite Statement Under Rule 12(e)**

Under Federal Rule of Civil Procedure 12(e), a motion for a more definite statement is proper where the complaint is so indefinite or non-specific that the defendant cannot ascertain the nature of the claim being asserted. *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *see also* Fed. R. Civ. P. 12(e). In such cases, defendant cannot reasonably be expected to frame a proper response without the complaint's amendment. *Id.*

**III.    DISCUSSION**

**A. Plaintiff's Claims Against G4S**

i.    <u>Wrongful Termination Claims</u>

Pursuant to California law, an employer may not "terminate [an employee] for an unlawful reason or a purpose that contravenes fundamental public policy." *Casella v. SouthWest Dealer Services, Inc.*, 157 Cal. App. 4th 1127, 1138-39 (2007). The elements of a claim for wrongful termination in violation of public policy are (1) an employer-employee relationship; (2) termination by the employer of the plaintiff's employment; (3) termination substantially motivated by a violation of public policy, and (4) harm to plaintiff caused by termination. *Yau v. Allen*, 229 Cal. App. 4th 144, 154 (2014).

Nace has not alleged, either in the original complaint or in opposition to the instant motion, that plaintiff was terminated, for wrongful reason or otherwise. (*See* Compl.; *see also* Opp.) Accordingly, plaintiff's claim of wrongful termination against G4S is **DISMISSED WITHOUT PREJUDICE** and with leave to amend. Nace may file an amended complaint including facts that support all of the elements of a claim for wrongful termination articulated above.

      ii.  <u>Sexual Harassment Claims</u>

"California law prohibits sexual harassment in the workplace." *Hughes v. Pair*, 46 Cal. 4th 1035, 1042 (2009); *see also* Gov. Code § 12940(j)(1). Similar to federal law, California courts have held that a claim of hostile work environment due to sexual harassment "is actionable only when the harassment behavior is *pervasive* or *severe*." *Hughes*, 46 Cal. 4th at 1043 (emphasis in original). To prevail on such a claim under California law, "an employee must show that the harassing conduct was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abuse to employees because of their sex," gender, gender identity, or gender expression. *Id.* (internal citations omitted); *see also* Gov. Code § 12940(j)(1). A court determines the existence of a hostile work environment by evaluating "the totality of the circumstances." *Id.* at 1044.

Plaintiff's original complaint fails to include allegations that could support a finding of a hostile work environment resulting from harassment or abuse on the basis of Nace's sex, gender, gender identity, or gender expression. (*See* Compl.) Although plaintiff's opposition to the instant motion does not allege that defendants and defendant G4S's employees engaged in the alleged harassment due to Nace's sex, gender, gender identity, or gender expression, the nature of the harassment described therein suggests that the alleged conduct may have been based on those protected characteristics. (*See* Opp. at ECF 2.) Specifically, Nace's opposition includes allegations that G4S employees Brian Miller, Jason Silva, and Jamie Derais, as well as other individuals, referred to plaintiff as "faggot, pretty baby, he-she . . . [and] lady boy[.]" (*Id.*) In order to assert a claim of hostile work environment resulting from sexual harassment, plaintiff will need to plead facts sufficient to allege that the verbal abuse at issue was "severe enough or sufficiently pervasive to alter the conditions of [Nace's] employment" based on plaintiff's sex,

gender, gender identity, or gender expression.  *See Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006); *see also* Gov. Code §12940(j)(1).  Accordingly, plaintiff's claim of sexual harassment resulting in a hostile work environment against G4S is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  Nace may file an amended complaint including facts that support all of the elements of a claim of hostile work environment as articulated above.

### iii.  Retaliation Claims

California law prohibits employers from retaliating against an employee for that employee's engagement in certain protected conduct.  Gov. Code § 12940(h) (making it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because that person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part").  In order to establish a claim of retaliation, "a plaintiff must show (1) he or she is engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action."  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

Plaintiff's opposition references an attempt to "complain" regarding the alleged abuse. (Opp. at ECF 3.)  Such a complaint could constitute a protected activity and provide a basis for a retaliation claim under Section 12940(h).  *See id.*; Gov. Code § 12490(h).  However, the complaint itself does not mention any attempt by plaintiff to lodge a complaint with G4S, or its representative, regarding the abuse alleged therein.  (*See* Compl.)  Additionally, and as discussed above with respect to plaintiff's wrongful termination claim, Nace has not alleged that G4S terminated plaintiff's employment, or otherwise undertook an adverse employment action.[3]  (*See* Compl.)  Therefore, plaintiff's claim of retaliation against G4S is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  Nace may file an amended complaint including facts that support all of the elements of a claim for retaliation articulated above.

---

[3] The Court notes that an "adverse employment action" is not limited to termination and may also include other forms of discrimination.  *See* Gov. Code § 12940(h).

### B. Plaintiff's Claims Against Levine

Plaintiff's only allegation with respect to defendant Levine is that he is the CEO of G4S. (*See* Compl. at 2.)  Plaintiff has not alleged that Levine engaged in any wrongful conduct.  (*Id.*)

#### i. Wrongful Termination & Retaliation Claims

In general, "only an employer can be liable for the tort of wrongful discharge in violation of public policy."  *Khajavi v. Feather River Anesthesia Med. Group*, 84 Cal. App. 4th 32, 53 (2000); *see also Miklosy v. Regents of Univ. of Calif.*, 44 Cal. 4th 876, 901 (2008), *superseded by statute on other grounds*, *Taswell v. The Regents of the University of Cal*, 232 Cal. Rptr. 3d 628 (2018).  Further, only an employer can be liable for retaliation against an employee in violation of Government Code Section 12940(g).  *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1173 (2008).  Supervisors and coworkers cannot be held personally liable for their roles in retaliation.  *Id.*  Accordingly, plaintiff's claims of wrongful termination and retaliation against Levine are **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  Nace may file an amended complaint if plaintiff can include facts that support a claim of wrongful termination and retaliation against Levine as an employer rather than a supervisor or coworker.

#### ii. Sexual Harassment Claims

With respect to plaintiff's sexual harassment claims, Levine cannot be held liable for the conduct of G4S employees simply by virtue of his position as CEO.  *See Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1325-26 (1996) (holding that a supervisor is not liable to third parties for the alleged sexually harassing conduct of his subordinates).  Therefore, plaintiff's claim of sexual harassment against Levine is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  Nace may file an amended complaint if plaintiff can include facts that support a claim of sexual harassment against Levine, as an individual.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** defendants' motion to dismiss.  Plaintiff's claims of wrongful termination, sexual harassment, and retaliation against defendants G4S and Levine are **DISMISSED WITHOUT PREJUDICE** and with leave to amend.  Accordingly, and no later than **Friday, September 7, 2018,** plaintiff may file and amended complaint including facts to

support allegations of wrongful termination, hostile work environment due to sexual harassment, and retaliation against G4S and Levine.

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

Assistance is available through the Legal Help Center. **There is no fee for this service**. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California or the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California; (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org. The Help Center's website is available at https://cand.uscourts.gov/legal-help.

This Order terminates Docket Number 13.

IT IS SO ORDERED.

Dated: August 9, 2018

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE